**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNYSLVANIA**
**COURT FILE NO.: CV - _____**

| | |
|---|---|
| John McGinnis<br><br>                    Plaintiffs,<br><br>v.<br><br>Financial Credit Services, Inc. d/b/a FCS, John Silverman, Henry Gold, Russell Gordon and Scott Ball<br><br>                    Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here in Pennsylvania.

## PARTIES

4.      Plaintiff John McGinnis (hereinafter McGinnis) is a natural person who resides in the City of Emmaus, County of Lehigh, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Financial Credit Services, Inc., (hereinafter "FCS"), is a Illinois corporation d/b/a FCS, with its registered agent for service located at 222 N. Lasalle, Suite 300, Chicago, Illinois 60601.

6.      At all times relevant to this Complaint, Defendant FCS transacted business in the Eastern District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant John Silverman (hereinafter "Silverman") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.      Defendant Henry Gold (hereinafter "Gold") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.      Defendant Russell Gordon (hereinafter "Gordon") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.     Defendant Scott Ball (hereinafter "Ball") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11.     On or about January 17, 2006, Defendants caused a dunning letter to be mailed to McGinnis via U.S. mail and bearing the name of Defendant Silverman.  *A true*

*and correct copy of said letter and envelope are attached hereto and incorporated*

*herein as Exhibit "A," redacted per local rule.*

12.     Defendants letter dated January 6, 2006, is an attempt to collect a financial
obligation that was primarily for personal, family or household purposes and is
therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely, an
account alleged to originate from Seaman's Furniture and now owned by FCS.

13.     Defendants' letter dated January 6, 2006 falsely and deceptively states that
McGinnis owes a debt of $11,443.98 to FCS as assignee of Seaman's Furniture.
In addition, the letter demands that payment be made within "the next 30 days,"
and threatens interest charges and penalties should McGinnis fail to pay within
the allotted time period, thus overshadowing Plaintiff's rights under the FDCPA.
Defendants' letter violates multiple and numerous provisions of the FDCPA,
including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10),
1692f, 1692f(1), 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4) and
1692g(a)(5) amongst others.

14.     McGinnis has never had an account with either Seaman's Furniture or FCS.

15.     On or about January 23, 2006, McGinnis received a call at his place of
employment from Defendant Gold.  During the conversation, Defendant falsely
and deceptively alleged that McGinnis owed approximately $11,000.00 to
Defendants.  McGinnis immediately denied the account and advised Defendant
that he must have the wrong individual.  Defendant then read McGinnis a social
security number which did not match McGinnis'.  When advised that the social
security number did not match, Defendant said that they must have had the wrong

individual and assured McGinnis that he would be removed from Defendants computer system.  Defendants communication with McGinnis violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1) amongst others.

16.  On or about January 23, 2006, McGinnis received a second call from Defendant FCS at his place of employment, this time the caller identified himself as Russell Gordon and left a voicemail message for McGinnis to return his call

17.  In response to Defendants voicemail message, McGinnis attempted to contact Defendant Gordon, but was connected with Defendant Gold instead and was instructed to call back later.

18.  On or about January 25, 2006, McGinnis placed a second call to Defendant Gordon in an attempt to resolve the matter, but was unsuccessful.

19.  On or about January 25, 2006, McGinnis placed a second call to Defendant Gordon and reached Defendant Gordon.  Defendant instructed McGinnis that he owed approximately $11,000 on a Seaman's Furniture account purchased by the Defendants.  McGinnis advised Defendant of his conversation with Defendant Gold wherein Defendant Gold instructed McGinnis that the social security number was incorrect and that McGinnis' name would be removed from Defendants system.  Defendant Gordon responded by stating that Defendant Gold read the social security number wrong and by falsely and deceptively stating that the debt was owed by McGinnis.  Defendant then stated that the debt was from 1992 and if not paid immediately Defendants would serve McGinnis with a summons, place liens against his real and personal property and contact his

employer to garnish wages.  Defendants statements to McGinnis violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692(1), 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692f(2).

20.     During the January 25, 2006 conversation, McGinnis was transferred to Defendants' "Senior Litigator," Scott Ball.  During the conversation that ensued, Defendant Ball advised Plaintiff that he owed $14,000.  McGinnis immediately advised Defendant that the debt was not his and advised Defendant that he was the victim of identity theft back in the early 1990's.  Defendant then advised McGinnis that if he paid $5,000 by telephone the whole matter could be resolved without ruining his credit.  McGinnis refused and Defendant offered to settle the account for $4,000.  McGinnis then instructed Defendant that he needed to end the conversation and Defendant instructed McGinnis that papers were already in the hands of the County Judge and that the next offer to settle would be increased to $6,000.  Defendants' communication violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692(1), 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692f(1).

21.     On or about January 27, 2006, McGinnis caused a letter to be mailed to Defendants.  McGinnis' letter advised Defendants that the debt was not his and demanded that Defendants stop contacting him at work.  *A true and correct copy of said letter is attached hereto and incorporated herein as Exhibit "B," redacted per local rule.*

22.    Defendants received said letter on or about January 30, 2006 as is evidenced by U.S. Postal receipt.  *A true and correct copy of said receipt is attached hereto and incorporated herein as Exhibit "C."*

23.    On or about February 15, 2006, Defendants placed a call to Plaintiff's place of employment, despite receiving notice from McGinnis that Defendants were not permitted to call at his place of employment.  During the call an agent/employee of Defendant FCS interrogated McGinnis' co-worker as to McGinnis' availability, advised McGinnis' co-worker that Defendants were calling to collect an unpaid debt and demanded to be connected with the payroll department so as to satisfy the alleged debt.  Defendants communication violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692c(c), 1692d, 1692(1), 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1) and 1692g(b).

24.    As a result of Defendants' harassing telephone calls, false and deceptive statements and disclosure of defaming statements to third party co-workers, Plaintiff has endured extreme fear, stress, anger, frustration, humiliation and defamation of character.

## **TRIAL BY JURY**

25.    Plaintiffs are entitled to and hereby respectfully demand a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

26.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.    The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

28.    As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

## (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICE ES AND CONSUMER

## PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

29.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

31.     Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

32.     All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

33.     The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

> (a) Communicating with a third party and failing to identify themselves, or failed to state that the debt collector is confirming or correcting location information;
>
> (b) Communicating to a third party that the consumer owes a debt;
>
> (c) Discussing the debt with anyone except the consumer, or the consumer's attorney, credit bureau  or the attorney of the debt collector;

(d) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any purpose;

(e) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

(f) Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt.

(g) Threatening to take any action that cannot be legally taken or that is not intended to be taken;

(h) Making false implications that consumer committed a crime by failing to pay a debt;

(i) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

(j) Failure to notify the Plaintiffs that the Defendants were debt collectors attempting to collect a debt and that any information obtained would be used against them;

(k) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

34.   Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

35.   As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling them to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT III.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs.

38.     Defendants intentionally caused harm to Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

39.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

40.     The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

41.     As a result of such invasions of privacy, Plaintiff is entitled to actual and punitive damages in an amount to be determined at trial from each and every Defendant.


### COUNT IV.

### DEFAMATION

39.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     Defendants intentionally and maliciously communicated falsehoods concerning McGinnis to a third party alleging that he had failed to meet a financial obligation.

41.     Defendants intentionally and maliciously published the false communication to a third party, namely McGinnis' co-worker.

42.     Defendants intentionally and maliciously published the false communication concerning the Plaintiff's reputation and good name to McGinnis' co-worker.

43.     Defendants intentionally and maliciously published the false communication to a McGinnis' co-worker with understanding of the defamatory character of the communication.

44.     As a result of such defamation, McGinnis is entitled to actual and punitive damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.

### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

### (FCEUA)

### 73 P.S. § 2270.1 et. seq.

### AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER

### PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

- for an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the defendants from continuing to communicate with Plaintiffs in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to73 P.S.§ 201-9.2(a)

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA, FCUEA and UTPCPL violations and invasions of privacy in an amount to be determined at trial;

- punitive damages from each and every Defendant for the malicious, intentional, willful, reckless, wanton and negligent violations of the FDCPA, FCUEA and UTPCPL and invasions of privacy in an amount to be determined at trial;

- for such other and further relief as may be just and proper.

## COUNT IV.

## DEFAMATION

- actual damages from each and every Defendant for the damages suffered as a result of the FDCPA, FCUEA and UTPCPL violations and defamation in an amount to be determined at trial;

- punitive damages from each and every Defendant for the malicious, intentional, willful, reckless, wanton and negligent violations of the FDCPA, FCUEA and UTPCPL and defamation in an amount to be determined at trial;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: February 21, 2006          **LIGHTNER LAW OFFICES, P.C.**

By: _____s/jr1052_____
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
4654 Hamilton Boulevard
Allentown, PA 18103
Telephone (610) 530-9300

Attorney for Plaintiff

**<u>VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF</u>**

I, John McGinnis, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


Date:  _2/21/06___                                        __s/ John McGinnis _____
                                                            John McGinnis